RAFAEL AMADEO GELY, demandante y recurrente, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrido.

*Número:* R-68-269        *Resuelto:* 15 de junio de 1970

*Meléndez & Suárez,* abogados del recurrente; *Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del recurrido.

PER CURIAM: El Secretario de Hacienda notificó deficiencias al contribuyente recurrente Sr. Amadeo Gely para el año 1962. La deficiencia notificada se basó en los siguientes hechos:

Por escritura Núm. 17 de agrupación de fincas, otorgada en Maunabo el 30 de marzo de 1962 ante el Notario Juan N. Torruella Casals, el contribuyente obtuvo título de dominio de una finca de 76.5214 cuerdas sita en el Bo. Emajagua de Maunabo, inscripción 1ra. de la finca Núm. 1173, al folio 70 del tomo 32 de Maunabo. Esta finca de 76.5214 cuerdas se formó por agrupación de cuatro fincas del contribuyente de 49.62 cdas., 7.8499 cdas., 18.1273 cdas. y 1.09 cdas. En cuanto a este último predio de 1.09 cdas., se hizo constar en la referida escritura de agrupación que en el mismo había enclavada una casa de hormigón y divisiones interiores de madera, con dos cuartos dormitorios, sala, comedor y cocina.

Por escritura Núm. 18 de compraventa e hipoteca, otorgada por el contribuyente ante el mismo Notario y en igual fecha, 30 de marzo de 1962, el contribuyente vendió a tercera persona la referida finca de 76.5214 cuerdas, por precio de $68,870.00. Investigada la planilla del contribuyente del año 1962 el Secretario de Hacienda determinó que el costo base de la finca vendida (el cual no se impugna) fue de $6,729.66 habiéndose realizado una ganancia capital, que tampoco se impugna, de $62,140.34. Concedió el Secretario $5,255.60 de gastos en la transacción para una ganancia capital neta de $56,884.74. De esta cantidad dejó fuera de tributación el 75% o sea $42,663.55 y fijó una ganancia tributable de $14,221.19. El contribuyente había declarado

en planilla una ganancia tributable de sólo $3,850.76 por lo que se le ajustó su ingreso neto con la diferencia de $10,370.43, lo cual motivó la contribución en deficiencia impuesta.

El contribuyente impugnó ante la Sala sentenciadora la deficiencia bajo el supuesto de que él tenía derecho a acogerse al beneficio contributivo que concede la Sec. 44 de la Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A. sec. 3044 (b) sobre ventas a plazos, por cuanto en la transacción de compraventa el comprador había pagado de contado una cantidad menor del 30% del precio de venta. La Sala sentenciadora, a tenor de la prueba oral y documental, concluyó lo contrario y declaró sin lugar la demanda. Expedimos revisión para considerar el fallo.

La cuestión es una exclusivamente de hecho. En la referida escritura Núm. 18 de compraventa las partes hicieron constar textualmente:

............"SEGUNDO: Y siendo convenido, 'Los Vendedores' trasmiten por título de venta y enajenación a favor de 'El Comprador' la finca descrita en el párrafo primero de esta escritura, con todas sus pertinencias y cuanto la constituyen, por el convenido y ajustado precio de SESENTA Y SEIS MIL QUINIENTOS VEINTE DOLARES ($66,520.00) por las fincas, se entenderá el terreno y DOS MIL TRESCIENTOS CINCUENTA DOLARES ($2,350.00) por la casita enclavada en la Finca 'D', y cuyo precio de la casita, o sea, DOS MIL TRESCIENTOS CINCUENTA DOLARES ($2,350.00) se paga en el acto de este otorgamiento, del precio a pagarse por el terreno, o sea, SESENTA Y SEIS MIL QUINIENTOS VEINTE DOLARES ($66,520.00). 'El Comprador' retiene la cantidad de DOS MIL CUATROCIENTOS DIEZ DOLARES CON CUARENTA Y UN CENTAVOS ($2,410.41) cantidad con que 'El Comprador' se compromete cancelar contemporaneamente la hipoteca que pesa sobre la finca 'A' a favor de The Federal Land Bank of Baltimore. Y el balance la cantidad de SESENTA Y CUATRO MIL CIENTO NUEVE DOLARES CON CINCUENTA Y NUEVE CENTAVOS ($64,109.59) se distribuirá de la siguiente forma:

............................................................... 1) DIEZ Y OCHO MIL QUINIENTOS NOVENTA Y UN DOLARES CON SETENTA Y OCHO CENTAVOS ($18,591.78) o sea, veintinueve (29%) por ciento al firmarse la escritura de Compra-Venta e Hipoteca.".....................................................................

■ Por las expresiones de las partes es incuestionable que la transacción de compraventa fue una unitaria que comprendía todos los bienes que formaban parte de la referida finca de 76.5214 cuerdas, entre ellos, la casa ubicada en dicha finca. La escritura expresamente dice que se traspasaban al comprador la finca descrita *"con todas sus pertenencias y cuanto la constituyen."* La casa estaba incluida en la transacción y el precio. El hecho de que el valor adjudicado a dicha casa de $2,350 se pagara de contado, no altera sustantivamente el negocio jurídico realizado, ya que esto se refería a la modalidad de pago, de la misma manera que hay en la escritura otras expresiones también referentes a la modalidad o forma de pago del resto de la finca.

La prueba claramente sostiene la conclusión de la Sala sentenciadora de que hubo una sola transacción de venta que comprendía tanto el principal como los bienes accesorios de la finca traspasada.

■ Habiendo satisfecho de contado el comprador la cantidad total de $20,941.78, la misma fue en exceso del 30% del precio de venta, aun cuando hagamos el cálculo en la forma más beneficiosa para el contribuyente, o sea, tomando como precio de venta la totalidad de $68,870 sin descontar los $2,410.41 que el comprador retenía para pagar una hipoteca que gravaba el inmueble.

*Por las razones anteriormente expuestas se dictará sentencia confirmando la dictada por la Sala de San Juan del Tribunal Superior.*

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Martínez Muñoz, no intervinieron.